**Case No. 13-17479**

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

EDWARD ZIMBELMAN,

Appellant,

v.

SOUTHERN NEVADA REGIONAL HOUSING AUTHORITY; and JOHN
HILL, in his official capacity as Executive Director of the Southern Nevada
Regional Housing Authority

Appellees.

---

Appeal from the United States District Court, District of Nevada
The Honorable ANDREW P. GORDON, Judge Presiding
Case No. 2:13-cv-02143-APG-VCF

---

## APPELLEES SOUTHERN NEVADA REGIONAL HOUSING
## AUTHORITY'S AND JOHN HILL'S ANSWERING BRIEF

THEODORE PARKER, III, ESQ.
Nevada Bar No. 4716
AMBER WHITE-DAVIDSON, ESQ.
Nevada Bar No. 11739
PARKER NELSON & ASSOCIATES, CHTD.
2640 Professional Court, Suite 200
Las Vegas, NV 89128
(702) 868-8000; (702) 868-8001 *facsimile*
tparker@pnalaw.net; awhite-davidson@pnalaw.net
*Attorneys for Appellees Southern Nevada Regional
Housing Authority & John Hill*

# TABLE OF CONTENTS

**Page**

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

I.      Jurisdictional Statement  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     Issues Presented for Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III.    Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

IV.     Statement of the Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

V.      Summary of Legal Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

VI.     Argument  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        A.     Appellants Lack A Right to Appeal Because Public Housing Tenants Do Not Have a Right of Action Against Their Municipal Landlords.  8

        B.     Should the Ninth Circuit Determine Appellant Has An Appealable Issue, the District Court's Ruling Should Be Upheld As There Was No Abuse of Discretion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

                1.     The District Court Did Not Abuse Its Discretion in Finding that Appellant Did Not Have a Likelihood of Success on the Merits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

                        A. Under 24 CFR Part 966, the District Court had a Factual Basis for Finding Appellees had a Right to Terminate the Lease Agreement.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

                        B. Under Section 3 of the Lease Agreement, the District Court Had a Factual Basis for Finding Appellees had a Right to Terminate the Lease Agreement . . . . . . . . . . . . . . . . . . . . 12

                        C. Appellant's Reliance on Case Law of Other Jurisdictions is Distinguishable and Should Not Be Given Consideration  14

                        D. HUD's PIH 2012-28 Notice Reinforces 24 CFR §966.4 By Clarifying that Discovery of an Erroneous Admission of a Lifetime Sex Offender is Grounds for Termination . . . . . 16

                        E. Appellant is Barred from Reliance on the Equitable Doctrines of Waiver, Equitable Estoppel and Ratification Because Appellant has Unclean Hands and Because Appellant Assented to the Lease Agreement's Non-Waiver Provision. . . . . . . . . 17

                2.     The District Court Did Not Abuse Its Discretion in Finding that a Hardship Balance Did Not Tip Sharply Towards Appellant 19

A. Appellant Will Not Suffer Irreparable Harm Because Appellant Can Afford to Pay the Market Rate for Housing in Las Vegas, Nevada. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

B. The Balance on Equities and Consideration of Public Interest Weigh in Favor of Denying Injunctive Relief . . . . . . . . . 20

VII.    Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Statement of Related Cases. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Certificate of Compliance Pursuant to Federal Rules of Appellate Procedure 32(a)(7)(C) and Circuit Rule 32-1 . . . . . . . . . . . . . . . . . . . . . . . 24

Certificate of Service/List of Counsel. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

# TABLE OF AUTHORITIES

<u>**Cases**</u>

*Amalgamated Transit Union Local 1309 v. Laidlaw Transit Servs.*,
448 F.3d 1092, 1093 (9th Cir. 2006)................................. 15

*Arizona State Bd. for Charter Schools v. United States Dep't of Educ.*,
464 F.3d 1003, 1008 (9th Cir. 2006)................................ 15

*Barrientos v. 1801-1825 Morton LLC*,
583 F.3d 1197, 1214-15 (9th Cir. 2009) ......................... 16

*Cort v. Ash*,
99 S. Ct. 2080, 2088 (1975)....................................... 9

*Ellenburg v. Brockway, Inc.*,
763 F.2d 1091, 1097 (9th Cir. 1985).............................. 17

*Fed. Express Corp. v. Holowecki*,
128 S.Ct. 1147, 1154 (2008)...................................... 16

*Gregorio T. v. Wilson*,
59 F.3d 1002, 1004 (9th Cir. 1995)............................... 10

*Matter of Bonseiro v. New York City Dept. of Hous. Preserv. & Dev.*,
950 N.Y.S.2d 490 (N.Y. Sup. Ct. 2012)........................... 14

*Miller v. McCormick*,
650 F.Supp. 296, 308 (D. Me. 2009).............................. 14

*Omega Industries, Inc. v. Raffaele*,
894 F.Supp. 1425, 1431 (D. Nev. 1995) ......................... 17

*Park Vill. Apt. Tenants Ass'n v. Mortimer Howard Trust*,
636 F.3d 1150, 1159 (9th Cir. 2011).............................. 19

*Perfect 10, Inc. v. Amazon.com, Inc.*,
508 F.3d 1146, 1157 (9th Cir. 2007).............................. 10

*Perkins-Bey v. Housing Authority of St. Louis County*,
2011 U.S. Dist. LEXIS 25438 (E.D. Mo. Mar. 14, 2011)......... 14

*Perry v. Housing Authority of Charleston*,
664 F.2d 1210, 1213-15 (4th Cir. 1981)........................... 9

*Prudential Real Estate Affiliates v. PPR Realty, Inc.*,
204 F.3d 867, 874 (9th Cir. 2000)................................ 10

*Seller Agency Council, Inc. v. Kennedy Ctr. for Real Estate Educ., Inc.*,
621 F.3d 981, 986 (9th Cir. 2010)................................ 17

*Sports Form, Inc. v. United Press, Int'l*,
686 F.2d 750, 753 (9th Cir. 1982) ............................... 10

*Sw. Voter Registration Educ. Project v. Shelley*,
344 F.3d 914, 918 (9th Cir. 2003).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Truck Ins. Exch. v. Swanson*,
124 Nev. 629, 637-38 (2008).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*United States v. Hinkson*,
585 F.3d 1247, 1263 (9th Cir. 2009).. . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Morton*,
467 U.S. 822, 828 (1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Wyeth v. Levine*,
129 S.Ct. 1187, 1201 (2009).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

## **Federal Statutes**

42 U.S.C. §1437 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

42 U.S.C. §1983. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

42 U.S.C. §13662. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 14

24 CFR §966.4.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12, 16

24 CFR §966.55.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10, 11

24 CFR §982.553.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

# I.
## JURISDICTIONAL STATEMENT

The matter comes on appeal from the decision of the U.S. District Court of Nevada denying Appellant Edward Zimbelman's Motion for Temporary Restraining Order and Preliminary Injunction. On November 27, 2013, the Honorable Andrew P. Gordon denied Appellant's Motion for Temporary Restraining Order and Preliminary Injunction, without prejudice, finding that (1) Appellant did not have a substantial likelihood of success on the merits, and (2) that neither essential questions regarding the merits nor a hardship tipped sharply toward Appellant.[1] Appellants filed his notice of appeal on December 4, 2013.[2]

# II.
## ISSUES PRESENTED FOR REVIEW

1.     Appellant Lacks A Right to Appeal Because Public Housing Tenants Do Not Have a Right of Action Against Their Municipal Landlords.

2.     Should the Ninth Circuit Determine Appellant Has An Appealable Issue, the District Court's Ruling Should Be Upheld As There Was No Abuse of Discretion.

# III.
## STATEMENT OF THE CASE

Appellant Edward Zimbelman sued Appellees Southern Nevada Regional Housing Authority ("SNRHA") and John Hill, as Executive Director, challenging Appellees' termination of Appellant's federal housing tenancy and subsidy. Appellant claims that Appellees have no legal basis to terminate Appellant's federal housing tenancy and subsidy on the sole basis of Appellant's lifetime sex offender registrant status.

---

[1] EOR 77 at Docket No. 13.

[2] EOR 1-2.

On November 20, 2013, Appellant filed a Complaint for Declaratory and Injunctive Relief with the District Court, requesting the District Court (1) declare Appellees violated Appellant's rights and (2) issue a preliminary and permanent injunction to prevent Appellees from terminating Appellant's federally subsidized housing.[3] On November 22, 2013, Appellant filed an Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction, requesting the District Court (1) restrain Appellees from termination Appellant's public housing assistance, (2) restrain Appellees from evicting Appellant from his federally subsidized rental unit, and (3) order Appellees to appear and show cause why a preliminary injunction should not issue.[4] On November 27, 2013, the Honorable Andrew P. Gordon denied Appellant's Motion for Temporary Restraining Order and Preliminary Injunction, without prejudice, finding that (1) Appellant did not have a substantial likelihood of success on the merits, and (2) that neither essential questions regarding the merits nor a hardship tipped sharply toward Appellant.[5] Appellant filed an Appeal of the Minutes of Proceedings of Order Denying Temporary Restraining Order and Preliminary Injunction on December 4, 2013.[6]

## IV.
## STATEMENT OF THE FACTS

On April 6, 2012, Appellant applied to the SNRHA for a 1-bedroom apartment at Perry Plaza, 3900 Perry Street, Las Vegas, Nevada 89122, which is a public housing, senior development owned, operated and managed by SNRHA.[7] On April

---

[3] EOR 77 at Docket No. 6.

[4] EOR 77 at Docket No. 8.

[5] EOR 77 at Docket No. 13.

[6] EOR 77 at Docket No. 16.

[7] EOR 66-74.

4, 2013, Appellant was admitted into SNRHA's public housing development at Perry Plaza, with a one year lease.[8] Appellant's lease agreement provided that Appellant understood that any household member being subjected to lifetime sex offender registrant status was grounds for termination:

> **3.    CRIMINAL ACTIVITY:**
>
> The head of household and all adult household members listed in paragraph 2 above, do hereby agree, acknowledge and understand that ***SNRHA may terminate this lease agreement, if the head of household,*** household member, guest or other person under their control ***is found to have:***
>
> • ***a prior or current conviction for a sexual criminal offense that is subject to the Nevada Sex Offender Registration Program***; or
> • a prior or current conviction for the manufacture or production of methamphetamine; in Federally-assisted housing or
> • any non-drug related felony conviction during the residency period.
>
> ***Residents who are evicted pursuant to this lease provision***, to wit paragraph 3, ***due to a conviction for a sexual criminal offense*** and/or due to a conviction for the manufacture or production of methamphetamine in Federally-assisted housing; ***shall be permanently barred from re-admission to public housing***. Residents who are evicted pursuant to this lease provision, to wit paragraph 3, for a non drug-related felony conviction shall be barred frm re-admission to SNRHA Public Housing in accordance with the SNRHA Admissions and Occupancy Policy in effect on the date the application for re-admission is submitted.[9]

Appellant's lease agreement further provided that Appellees's failure to insist upon strict performance of the lease by Appellant does not constitute a waiver or relinquishment of Appellees's rights thereafter to enforce the terms and provisions of Appellant's dwelling lease:

---

[8] EOR 44-65.

[9] EOR 46 (*emphasis added*).

**23. WAIVER OF LEASE PROVISIONS:** Failure of SNRHA to insist upon the strict performance by the Tenant of the terms, covenants, obligations, agreements, and conditions contained in this Lease, or any of them, shall not constitute or be construed as a waiver or relinquishment of SNRHA's right thereafter, at any time or in any manner, to enforce any such terms, covenants, obligations, agreements, or conditions, but the same shall constitute in full force and effect. The receipt by SNRHA of rent with the knowledge of the breach of any covenant, obligation or condition of this Lease, or after the serving of any notice of eviction, or the commencement of any eviction action, shall not be deemed a waiver of such breach, other than the failure of Tenant to pay the particular rent so accepted. It is specifically understood and agreed that no waiver by SNRHA of any said terms, covenants, obligations, agreements and conditions contained in the Lease shall be deemed to have been made unless such waiver is expressed in writing and signed by SNRHA, its representatives or agent. It is further specifically understood and agreed that in the event the Tenant has breached Tenant's obligation and agreement to pay rent as provided in this Lease, and SNRHA has given notice of said breach of commenced an eviction therefore, the said breach can only be cured by payment in full of the delinquent rent and eviction costs, unless other arrangements are made in writing with SNRHA. The rights and remedies given to SNRHA under the terms of this Lease Agreement are distinct, separate and cumulative remedies, and not one of them whether exercised or no, shall be deemed to be in exclusion of any of the others or to limit any other rights and remedies provided by law.[10]

On September 17, 2013, Perry Plaza Asset Manager Monica Lancaster served Appellant with a Thirty (30) Day Notice to Terminate Lease Agreement ("Termination Notice"), advising that Appellant had until October 17, 2013 to vacate the premises.[11] The Termination Notice cited the following basis for termination:

---

[10] EOR 46.

[11] EOR 43.

**YOUR LEASE IS BEING TERMINATED FOR VIOLATING THE FOLLOWING PROVISIONS:** Registered Sex Offender
**Section 3. Criminal Activity:**
The head of household and all adult household members listed in paragraph 2 above, do hereby agree, acknowledge and understand that SNRHA may terminate this lease agreement, if the head of household, household member, guest or other person under their control is found to have: a prior or current conviction for a sexual criminal offense that is subject to the Nevada Sex Offender Registration Program;
**ZERO TOLERANCE POLICY REGARDING DRUGS OR CRIMINAL ACTIVITY**
SNRHA has a zero tolerance with all residents who are found to have violated this lease provision. Zero Tolerance means a single violation of any of the provision of this section of the lease will result in the termination of tenancy.[12]

On September 19, 2013, Appellant requested an informal settlement of his grievance against the termination notice whereby Appellant's requested relief was a continuation of Appellant's public housing lease at Perry Plaza.[13] On October 1, 2013, Ms. Lancaster served Appellant with SNRHA's decision related to Appellant's informal settlement of grievance, and upheld the Termination Notice.[14]

On October 11, 2013, Appellant submitted a Tenant Request for [Formal] Grievance Hearing ("Formal Grievance Request"), again requesting the remedy of continuation of Appellant's public housing lease at Perry Plaza.[15] Per the Formal Grievance Request, Appellant was legally represented by Nevada Legal Services.[16] On November 7, 2013, Hearing Officer Geraldine Johnson served Appellant with

---

[12] Id.

[13] RA 1.

[14] EOR 42.

[15] RA 2.

[16] Id.

Officer Johnson's decision related to Appellant's formal grievance, and upheld the Termination Notice.[17] Officer Johnson explained that her determination to uphold the Termination Notice was:

> "Based on 24 CFR § 966(1)(3)(ii), the Southern Nevada Regional Housing Authority's policy and PIH Notice 2012-28 (State Registered Lifetime Sex Offenders in Federally Assisted Housing) which clearly state "if a participant who is subject to such a lifetime registration requirement was erroneously admitted into a federal housing program and is found to be receiving housing assistance, Public Housing Authority must pursue eviction or termination of assistance for these participants.
>
> Therefore, the Southern Nevada Regional Housing Authority intended action to terminate Edward Zimbelman's Public Housing Lease Agreement and residency from 3900 Perry St. #204 Las Vegas, NV 89122 is upheld."[18]

In addition to SNRHA's lease policy which provides for termination of a household member subject to the Nevada Sex Offender Registration Program, the referenced PIH Notice 2012-28 provides that a public housing authority must immediately pursue eviction or termination of assistance for household member if a PHA discovers that a household member was erroneously admitted (the household member was subject to a lifetime registration requirement at admission and was admitted after June 25, 2001).[19] The PIH Notice 2012-28 also enforced that a household receiving federal subsidized housing assistance with a member subjected

---

[17] EOR 39-41.

[18] Id.

[19] See Addendum to Appellant's Opening Brief at 'State Registered Lifetime Sex Offenders in Federally Assisted Housing,' PIH 2012-28, H 2012-11 (June 11, 2012).

to a State lifetime sex offender registration is receiving assistance in violation of federal law.[20]

<h1 style="text-align:center">V.<br>SUMMARY OF LEGAL ARGUMENT</h1>

The Ninth Circuit should summarily dismiss Appellants' appeal of the District Court's denial of temporary restraining order and preliminary injunction because Appellant has not established a right to private action.  Appellant as a public housing tenant does not have an implied right of action under 42 U.S.C. §1437 against Appellees as a municipal landlord; therefore, the Ninth Circuit lacks jurisdiction to entertain the appeal.

Should the Ninth Circuit entertain the appeal, the Ninth Circuit should affirm the District Court's denial of temporary restraining order and preliminary injunction because the District Court appropriately exercised discretion.  The District Court applied the correct legal rule for considering to grant or deny a request for a preliminary injunction. Additionally, the District Court did not base its decision to deny Appellant's request for a preliminary injunction on an illogical, implausible or unsupported factual finding.

The District Court appropriately found that Appellant did not show a likelihood of success on the merits because federal statutes allow termination of tenancy for discovery after admission of facts that rendered the tenant ineligible for admission. The District Court also appropriately found that Appellant did not show a likelihood of success on the merits because the lease agreement allows termination of tenancy where a household member is found to have a prior or current conviction subjecting them to the Nevada Sex Offender Registration Program.  After Appellant's admission into Appellees' public housing, Appellees received external notifications that

---

[20] Id.

Appellant was a lifetime sex offender registrant. Accordingly, under both federal statutes and the lease agreement, Appellees had a legal and proper basis to terminate Appellant's public housing tenancy and subsidy. The District Court was rightly unconvinced by Appellant's arguments that the lease agreement's waiver provision was inapplicable because Appellant acknowledged an understanding that Appellees did not waive any right to enforce any lease provision, and that the lease provision provides for termination of lifetime sex offender registrants.

The District Court also appropriately found that a hardship balance did not tip sharply towards Appellant. Although lease termination would prevent Appellant from receiving federal public housing, Appellant's income does not prevent Appellant from finding other housing in Las Vegas, Nevada. Further, as noted by the District Court, enjoining Appellees from terminating a lifetime sex offender registrant would subject Appellees to violating federal law. Any violation of federal law could potentially lead to Appellees receiving less federal subsidy assistance, which would effectively reduce the number of greater Las Vegas community residents receiving housing assistance. Additionally, the public interest indicates an overwhelming concern to ensure public safety by preventing lifetime sex offender registrants from receiving federal public housing tenancy and federal housing subsidy.

## VI.
## ARGUMENT

### A.  APPELLANT LACKS A RIGHT TO APPEAL BECAUSE PUBLIC HOUSING TENANTS DO NOT HAVE A RIGHT OF ACTION AGAINST THEIR MUNICIPAL LANDLORDS

The United States Supreme Court sets forth four criteria for determining when a private right of action exists under a federal statute:

> First, is the plaintiff "one of the class for whose especial benefit the statute was enacted"... that is, does the statute create a federal right in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one?

> ... Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? ... And finally, is the cause of action one traditionally regulated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal laws?[21]

The Fourth Circuit Court of Appeals has held that a tenant does not have an implied right of action under 42 U.S.C. §1437 because there is no clear indication in the legislation or history that Congress intended to create in public housing tenants a federal right of action against their municipal landlords .[22] The Fourth Circuit Court further held that, since there was no constitutional right to the housing involved and there was no violation of a federal statute, the tenants' claim for relief under 42 U.S.C. §1983 failed as well.[23]

Appellant's underlying Complaint pending before the District Court seeks three causes of action: (1) violation of 42 U.S.C. §1437 and §1983; (2) Violation of the 14th Amendment to the United States Constitution and 42 U.S.C. §1983; and (3) Violation of 24 CFR §966.55(b)(1) and 42 U.S.C. §1983. Appellant has not established a private right of action under the United States's Housing Act. Accordingly, Appellant has no jurisdiction to bring its underlying complaint before the District Court let alone the subject emergency motion.

## B.   SHOULD THE NINTH CIRCUIT DETERMINE APPELLANT HAS AN APPEALABLE ISSUE, the DISTRICT COURT'S RULING SHOULD BE UPHELD AS THERE WAS NO ABUSE OF DISCRETION

The Ninth Circuit reviews a grant or denial of a preliminary injunction for abuse of discretion.[24] The District Court abuses its discretion when in applies an

---

[21] *Cort v. Ash*, 99 S. Ct. 2080, 2088 (1975)(citations omitted).

[22] *Perry v. Housing Authority of Charleston*, 664 F.2d 1210, 1213-15 (4th Cir. 1981).

[23] *Id.* at 1217.

[24] *Sw. Voter Registration Educ. Project v. Shelley*, 344 F.3d 914, 918 (9th Cir. 2003).

incorrect legal rule or relies upon a "factual finding that [is] illogical, implausible, or without support in inference that may be drawn from the record."[25] On review, the Ninth Circuit reviews a District Court's underlying factual findings for clear error, and review a District Court's legal conclusions de novo.[26] The Ninth Circuit's review is limited and deferential.[27] "As long as the District Court got the law right, [the preliminary injunction order] will not be reversed simply because the appellate court would have arrived at a different result if it had applied the law to the facts of the case."[28]  In essence, the appellate court will reverse only if the District Court abused its discretion.[29]

A temporary restraining order and preliminary injunction should not issue unless a party can demonstrate (1) a combination of probable success on the merits and the possibility of irreparable harm; or (2) that serious questions are raised and the balance of hardships tips in its favor.[30]  Neither Appellant nor Appellee argue the District Court applied the wrong legal standard for issuance of a preliminary injunction.  As such, the review before the Ninth Circuit is whether the District Court's factual findings were illogical, implausible or without support from the record.

---

[25] *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009).

[26] *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1157 (9th Cir. 2007).

[27] *See Sw. Voter Registration Educ. Project*, 344 F.3d at 918.

[28] *Gregorio T. v. Wilson*, 59 F.3d 1002, 1004 (9th Cir. 1995), *quoting*, *Sports Form, Inc. v. United Press, Int'l*, 686 F.2d 750, 753 (9th Cir. 1982).

[29] *Id.*

[30] *Prudential Real Estate Affiliates v. PPR Realty, Inc.*, 204 F.3d 867, 874 (9th Cir. 2000).

**1.    THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN FINDING THAT APPELLANT DID NOT HAVE A SUBSTANTIAL LIKELIHOOD OF SUCCESS ON THE MERITS**

The District Court found two bases to determine that Appellant did not have a substantial likelihood of success on the merits.  The District Court found that Appellees had two legal means to uphold the termination of Appellant's lease agreement: (1) 24 CFR Part 966 provides that SNRHA may terminate for discovery after admission of facts that made the tenant ineligible, and (2) Section 3 of the lease agreement provides for termination of a registrant.[31]

**a.    UNDER 24 CFR PART 966, THE DISTRICT COURT HAD A FACTUAL BASIS FOR FINDING APPELLEES HAD A RIGHT TO TERMINATE THE LEASE AGREEMENT**

24 CFR § 966.4(l)(2)(iii) provides good cause reasons for termination of a lease agreement, as follows: (A) criminal activity or alcohol abuse; (B) discovery after admission of facts that made the tenant ineligible; (C) discovery of material false statements or fraud by the tenant in connection with an application for assistance or with reexamination of income; (D) failure of a family member to comply with service requirement provisions; and (E) failure to accept the PHA's offer of a lease revision to an existing lease.[32] A household is not eligible and prohibited from admission into public housing where any individual is subject to a lifetime registration requirement under a State sex offender registration program.[33]

The District Court was presented with facts that, after Appellant's admission to public housing, Appellees received information from Las Vegas Metropolitan Police Department concerning Appellant.[34]  Appellees had also received information

---

[31] EOR 5-6.

[32] 24 CFR § 966.4(l)(2)(iii).

[33] 42 U.S. §13663(a).

[34] EOR 40.

from Alert ID, an online email system that provides information regarding Appellee's housing developments.[35] The information from Alert ID also stated that Appellant was a registered sex offender.[36] Appellees conducted an investigation that revealed Appellant was a registered sex offender with lifetime supervision through the State of Nevada Parole and Probation.[37]

Appellees received information from two sources about Appellant's lifetime sex offender status following Appellant's admission into Appellees' public housing. Under the law, a lifetime sex offender is not eligible for admission into public housing. As such, Appellees properly terminated Appellant's lease agreement on the basis that Appellees discovered information that rendered Appellant ineligible to receive public housing. Accordingly, the District Court's finding that termination was allowed under 24 CFR Part 966.4 was not illogical nor implausible, and was based on the record.

### B. UNDER SECTION 3 OF THE LEASE AGREEMENT, THE DISTRICT COURT HAD A FACTUAL BASIS FOR FINDING APPELLEES HAD A RIGHT TO TERMINATE THE LEASE AGREEMENT

Appellees's Dwelling Lease for the Public Housing Program provides that tenants agree, acknowledge and understand that SNRHA may terminate public housing lease agreements where a household member is found to be subjected to a State lifetime sex offender registration:

### 3. CRIMINAL ACTIVITY:
The head of household and all adult household members listed in paragraph 2 above, do hereby agree, acknowledge and understand that *SNRHA may terminate this lease agreement, if the head of household,* household member, guest or other person under their control *is found to have:*

---

[35] EOR 42.

[36] Id.

[37] EOR 40.

- ***a prior or current conviction for a sexual criminal offense that is subject to the Nevada Sex Offender Registration Program***; or
- a prior or current conviction for the manufacture or production of methamphetamine; in Federally-assisted housing or
- any non-drug related felony conviction during the residency period.

***Residents who are evicted pursuant to this lease provision***, to wit paragraph 3, ***due to a conviction for a sexual criminal offense*** and/or due to a conviction for the manufacture or production of methamphetamine in Federally-assisted housing; ***shall be permanently barred from re-admission to public housing***. Residents who are evicted pursuant to this lease provision, to wit paragraph 3, for a non drug-related felony conviction shall be barred frm re-admission to SNRHA Public Housing in accordance with the SNRHA Admissions and Occupancy Policy in effect on the date the application for re-admission is submitted.[38]

The District Court was presented with facts that, on April 3, 2013, Appellant signed the dwelling lease, thereby committing to that provision of the dwelling lease. Appellant unequivocally agreed that Appellees had the authority and right to terminate Appellant's lease agreement and evict Appellant from public housing should Appellant or any member of Appellant's household be found to be a State lifetime sex offender registrant. As discussed above, Appellees found that Appellant had a prior sexual criminal offense conviction that requires Appellant to be a lifetime sex offender registrant.

Appellees and Appellant contracted that Appellees had a right to terminate the lease agreement and permanently bar re-admission to a household where a household member is found to have a prior conviction subjecting the household member to the Nevada Sex Offender Registration Program. Following receipt of information from Las Vegas Metropolitan Police Department and Alert ID, Appellees learned that Appellant was a lifetime sex offender registrant in the State of Nevada. Appellees

---

[38] EOR 46 (*emphasis added*).

properly terminated Appellant's lease agreement on the basis that Appellant was found to have a household member subjected to Nevada's Sex Offender Registration Program. Accordingly, the District Court's finding that termination was allowed under Section 3 of the lease agreement was not illogical nor implausible, and was based on the record.

### c.   APPELLANT'S RELIANCE ON CASE LAW OF OTHER JURISDICTIONS IS DISTINGUISHABLE AND SHOULD NOT BE GIVEN CONSIDERATION

Appellant relies on non-mandatory case law for the proposition that there is no authority to terminate federal assistance on the basis of lifetime sex offender registrant status, all of which are distinguishable from the facts of this case. The United States District Court for the District of Maine only found that a public housing authority had no authority to terminate under 42 USC §13662 because that statute does not explicitly require termination for life time sex offender registrants.[39] Similarly, the Eastern District of Missouri only found that 24 CFR §982.553 is silent regarding terminating assistance to households with a lifetime sex offender registrant whom are already receiving assistance.[40] Likewise, New York Supreme Court only found that a hearing officer's reliance on 24 CFR §982.553 was misplaced because the regulation is silent as to terminating lifetime sex offenders who already receive federal subsidy.[41]

In the instant case, Appellees did not rely on either 42 USC §13662 or 24 CFR §982.553 to support the termination of Appellant's lease agreement, but instead relied

[39] *Miller v. McCormick*, 650 F.Supp. 296, 308 (D. Me. 2009).

[40] *Perkins-Bey v. Housing Authority of St. Louis County*, 2011 U.S. Dist. LEXIS 25438 (E.D. Mo. Mar. 14, 2011).

[41] *Matter of Bonseiro v. New York City Dept. of Hous. Preserv. & Dev.*, 950 N.Y.S.2d 490 (N.Y. Sup. Ct. 2012).

on Section 3 of the lease agreement.[42] Additionally, the hearing officer did not rely on those federal statutes and regulations, but instead relied on Appellees' policy.[43] As agreed to by Appellant's execution of the lease agreement, Appellees' lease policy clearly provided that Appellee could terminate upon a finding that a household member has a prior or current conviction for a sexual criminal offense that is subject to the Nevada Sex Offender Registration Program.

Importantly, when a federal appeals court interprets a statute, the court's purpose is always to discern the intent of the United States Congress.[44] The canons of statutory construction are tolls designed to help courts better determine what Congress intended, not to lead courts to interpret the law contrary to that intent.[45] The court is to read statutes as a whole, and avoid statutory interpretations which would produce absurd results.[46] All case law relied on Appellant agrees that Congress intended to prohibit lifetime sex offender registrants from admission to public housing or other federal subsidized housing. It would be absurd to conclude that Congress intended to allow lifetime sex offender registrants who somehow become admitted to public housing to remain tenants of public housing given the mandate to prohibit lifetime sex offender registrants from receiving federal housing subsidy.

---

[42] EOR 43.

[43] EOR40.

[44] *Amalgamated Transit Union Local 1309 v. Laidlaw Transit Servs.*, 448 E.3d 1092, 1093 (9th Cir. 2006).

[45] *Id.*

[46] *See United States v. Morton*, 467 U.S. 822, 828 (1984); *Arizona State Bd. for Charter Schools v. United States Dep't of Educ.*, 464 F.3d 1003, 1008 (9th Cir. 2006).

### D.   HUD's PIH 2012-28 Notice Reinforces 24 CFR §966.4 By Clarifying That Discovery Of An Erroneous Admission Of A Lifetime Sex Offender Is Grounds for Termination

Agencies have a unique understanding of the statutes they administer.[47] When an agency invokes its authority to issue regulations, which then interpret ambiguous statutory terms, the courts defer to its reasonable interpretations.[48]

Appellant correctly notes that Appellees relied on HUD's Notice: PIH 2012-28, dated June 11, 2012, as authority for terminating Appellant's lease agreement. However, Appellant incorrectly argues that HUD's Notice: PIH 2012-28 should not be given deference because it provides an inconsistent position that it can use regulations governing admissions to terminate lifetime sex offender registrants who are tenants in public housing. To the contrary, HUD's Notice: PIH 2012-28 doe s not conflict with any federal statutes or regulations, but instead reinforces 24 CFR §966.4 which, as discussed above, allows termination based on the discovery after admission of facts that made the tenant ineligible for tenancy.

Specifically, HUD's Notice: PIH 2012-28 reminds that federal statutes and regulations prohibit admission after, June 25, 2001, if any member of a household is subject to a State lifetime sex offender registration requirement.[49] HUD's Notice: PIH 2012-28 explicitly provides that "[a] household receiving assistance with [a lifetime sex offender registrant] member is receiving assistance in violation of federal law"[50]. HUD's Notice: PIH 2012-28 continues by clarifying that if a public housing authority

---

[47] *Barrientos v. 1801-1825 Morton LLC*, 583 F.3d 1197, 1214-15 (9th Cir. 2009), *citing*, *Wyeth v. Levine*, 129 S.Ct. 1187, 1201 (2009).

[48] *Barrientos*, 583 F.23 at 1214, *citing*, *Fed. Express Corp. v. Holowecki*, 128 S.Ct. 1147, 1154 (2008).

[49] *See* Addendum to Appellant's Opening Brief at 'State Registered Lifetime Sex Offenders in Federally Assisted Housing,' PIH 2012-28, H 2012-11 (June 11, 2012).

[50] Id.

discover a household admitted into public housing has a household member who was subject to a lifetime registration requirement at admission, then the public housing authority must immediately pursue eviction or termination.[51] In essence, HUD's Notice: PIH 2012-28 simply states that a household with a member subject to a lifetime sex offender registration requirement is not eligible for tenancy, and discovery after admission that a household has a member subject to a lifetime sex offender registration is grounds for termination. Such reasonable interpretation of HUD's Notice: PIH 2012-28 is consistent with 24 CFR §966.4(l)(2)(iii).

E.    **APPELLANT IS BARRED FROM RELIANCE ON THE EQUITABLE DOCTRINES OF WAIVER, EQUITABLE ESTOPPEL AND RATIFICATION BECAUSE APPELLANT HAS UNCLEAN HANDS AND BECAUSE APPELLANT ASSENTED TO THE LEASE AGREEMENT'S NON-WAIVER PROVISION**

The doctrine of unclean hands bars a party from asserting an equitable defense.[52] The doctrine of unclean hands "derives from the equitable maxim that 'he who comes into equity must come with clean hands.'"[53] The doctrine bars relief to a party who has engaged in improper conduct in the matter in which that party is seeking relief.[54]

Appellant is barred from reliance on the equitable relief of waiver, equitable estoppel and ratification because Appellant was aware and consented to both Sections 3 and 23 of the lease agreement. As related to Section 3, Appellant initialed the lease agreement to show written evidence that Appellant read, understood and agreed that Appellees could terminate the lease upon finding that Appellant had a prior or current

---

[51] Id.

[52] *Seller Agency Council, Inc. v. Kennedy Ctr. for Real Estate Educ., Inc.*, 621 F.3d 981, 986 (9th Cir. 2010).

[53] *Omega Industries, Inc. v. Raffaele*, 894 F.Supp. 1425, 1431 (D. Nev. 1995)(quoting *Ellenburg v. Brockway, Inc.*, 763 F.2d 1091, 1097 (9th Cir. 1985)).

[54] *Truck Ins. Exch. v. Swanson*, 124 Nev. 629, 637-38 (2008).

conviction for a sexual criminal offense that is subject to the Nevada Sex Offender Registration Program.[55] Despite acknowledging and knowing that Appellant's lifetime sex offender registrant status was grounds for lease termination, Appellant still entered into the lease agreement and moved into Appellees' public housing development.

As related to Section 23, Appellant initialed the lease agreement to show written evidence that Appellant read, understood and agreed that Appellees did not waive any lease agreement provision unless such waiver was expressed in writing and signed by Appellees.[56] Appellant has not argued, and cannot argue, that Appellees expressed in writing any waiver of Section 3's lease provision which provides for termination of households with a household member subject to lifetime sex offender registrant status. Appellant did not have a reasonable belief that Appellees accepted his lifetime sex offender registrant status because Appellant unequivocally knew that Appellant's lifetime sex offender registrant status was grounds for lease termination. Appellant elected to sign the lease agreement despite knowing that Appellant's lifetime sex offender registrant status made Appellant ineligible for tenancy and subjected Appellant to lease termination. Appellees' conduct of enforcing Section 3 of the lease provision upon learning from outside sources of Appellant's lifetime sex offender registrant status demonstrates that Appellees had no express or implied intent to waive either Section 3 or Section 23 of the lease agreement.

Importantly, the District Court was not swayed by Appellant's argument that Appellees waived any right to enforce the lease agreement. The District Court was not convinced by Appellant's argument that Appellees had no legal remedy to correct a mistake in allowing admission of a tenant who was not eligible for tenancy at

---

[55] EOR 46.

[56] EOR 62.

Appellees' public housing developments. To the contrary, Section 23's Non-Waiver Provision clearly and explicitly grants Appellees the authority to enforce any lease provision despite any failure by Appellee to enforce strict compliance of the lease agreement.

### 2. THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN FINDING THAT A HARDSHIP BALANCE DID NOT TIP SHARPLY TOWARDS APPELLANT

The District Court found that Appellant did not satisfy the requirement to prove a hardship balance tipped sharply towards Appellant.[57]

#### A. APPELLANT WILL NOT SUFFER IRREPARABLE HARM BECAUSE APPELLANT CAN AFFORD TO PAY THE MARKET RATE ROR HOUSING IN LAS VEGAS, NEVADA

Appellant relies on case law involving Section 8 housing, not public housing, for the proposition that Appellant will suffer irreparable harm from lease termination and eviction. The case law cited by Appellant provides that irreparable harm is established where the tenant is unable to pay the market rate for housing.[58]

Appellant admits that his monthly income totals $754.00, and that the 2014 fair market rent for an apartment in the Las Vegas metropolitan area is $675/month. As such, Appellant can afford the market rate for housing in the Las Vegas community, and will not suffer irreparable harm. Appellant continues by arguing that, even if Appellant could afford other housing, Appellant's record would make it extremely challenging to find alternative housing. Appellant's argument regarding the challenges of his record are ironic, given that Appellant's criminal record subjects Appellant to lifetime sex offender registrant status and makes Appellant ineligible for Appellees' public housing.

---

[57] EOR 32.

[58] *Park Vill. Apt. Tenants Ass'n v. Mortimer Howard Trust*, 636 F.3d 1150, 1159 (9th Cir. 2011).

**B.    THE BALANCE OF EQUITIES AND CONSIDERATION OF PUBLIC INTEREST WEIGH IN FAVOR OF DENYING INJUNCTIVE RELIEF**

The District Court appropriately noted that Appellees suffer extreme hardship from an injunction preventing the termination of Appellant's lease agreement because HUD declares maintaining the federal subsidy of a lifetime sex offender registrant violates federal law and could potentially lead to HUD cutting off Appellees' funding.[59] As stated above, HUD's Notice: PIH 2012-28 explicitly states that a State lifetime sex offender registrant obtaining federally assisted housing violates federal law.[60] Neither the federal statutes nor regulations carve out any exception for the prohibition against a State lifetime sex offender registrant obtaining federally assisted housing. As such, Appellees being enjoined from termination Appellant's public housing lease agreement and tenancy will result in Appellees being forced to violate federal law.

Forcing Appellees to violate federal law can result in harsh repercussions against Appellees, including the potential of HUD reducing the amount of federal government assistance granted to Appellees. Appellees being exposed to possible federal government assistance reductions has the potential to reduce the amount of Las Vegas community members that Appellees provide public housing assistance. Notably, Appellees serve as the sole public housing authority in the greater Las Vegas community (including Clark County, City of Las Vegas, City of North Las Vegas and City of Henderson).

A consideration of public interest also weighs against enjoining Appellees from termination Appellant's public housing lease agreement and tenancy. Compliance with the law favors ensuring that lifetime sex offender registrants are not recipients

---

[59] EOR 31.

[60] *See* Addendum to Appellant's Opening Brief at 'State Registered Lifetime Sex Offenders in Federally Assisted Housing,' PIH 2012-28, H 2012-11 (June 11, 2012).

of federal public housing or subsidy. As early as 2009, the federal government and HUD has been committed to serve the public interest by "making ongoing efforts to ensure the highest levels of public safety in federally assisted housing facilities."[61] As recent as 2012, the federal government and HUD reaffirmed the ongoing commitment to serve the public interest by applying guidelines "to ensure that no lifetime sex offenders are admitted into federally assisted housing."[62]

Despite Appellant's representations, Appellees' termination of Appellant's lease agreement and tenancy was performed in accordance with existing federal statutes, federal regulations and lease provisions prohibiting a lifetime sex offender registrant from receiving federal housing subsidy and from being a tenant of Appellees' public housing developments.

## VII.
## CONCLUSION

IN ACCORDANCE WITH THE FOREGOING, Appellees Southern Nevada Regional Housing Authority and John Hill, as Executive Director, respectfully requests this Honorable Court affirm the rulings of the U.S. District Court for the District of Nevada when it denied Appellant's request for injunctive relief to prevent Appellees from terminating Appellant's lease agreement and tenancy. Federal statutes provide that discovery after admission of a fact that rendered the tenant ineligible for admission is good cause for termination. Federal regulations provide that a lifetime sex offender registrant shall not be the recipient of federal public housing or subsidy

---

[61] *See* Addendum to Appellant's Opening Brief at 'State Lifetime Sex Offender Registration,' PIH 2009-35 (September 9, 2009).

[62] *See* Addendum to Appellant's Opening Brief at 'State Registered Lifetime Sex Offenders in Federally Assisted Housing,' PIH 2012-28, H 2012-11 (June 11, 2012).

assistance, as such conduct violates federal law. The lease provides that Appellees finding that a household member has a prior or current conviction for a sexual criminal offense that is subject to the Nevada Sex Offender Registration Program is grounds for termination. The lease further provides that Appellees do not waive any right to enforce any lease provision.

RESPECTFULLY SUBMITTED this 30th day of January, 2014.

**PARKER, NELSON & ASSOCIATES, CHTD.**

/s/    *Theodore Parker, III*

THEODORE PARKER, III, ESQ.
AMBER WHITE-DAVIDSON, ESQ.
2460 Professional Court, Suite 200
Las Vegas, NV 89128
*Counsel for Appellees Southern Nevada Regional Housing Authority and John Hill, as Executive Director*

## <u>STATEMENT OF RELATED CASES</u>

Pursuant to Circuit Rule 28-2.6, Appellees confirm that they are not aware of any related cases pending in this Court.

## CERTIFICATE OF COMPLIANCE PURSUANT TO FEDERAL RULES OF APPELLATE PROCEDURE 32(a)(7)(C) AND CIRCUIT RULE 32-1

I hereby certify that, pursuant to FRAP 32(a)(7)(C) and Ninth Circuit Rule 32-1, APPELLEE UNITED PLUMBING, LLC'S ANSWERING BRIEF is proportionally spaced, has a typeface of 14 points and contains 5,969 words, exclusive of exempted portions.

RESPECTFULLY SUBMITTED this 30th day of January, 2014.

**PARKER, NELSON & ASSOCIATES, CHTD.**

*/s/    Theodore Parker, III*
THEODORE PARKER, III, ESQ.
AMBER WHITE-DAVIDSON, ESQ.
2460 Professional Court, Suite 200
Las Vegas, NV  89128
*Counsel for Appellees Southern Nevada Regional Housing Authority and John Hill, as Executive Director*

## CERTIFICATE OF SERVICE

I hereby certify that on January 30th, 2014, I electronically filed the foregoing **APPELLEES SOUTHERN NEVADA REGIONAL HOUSING AUTHORITY'S AND JOHN HILL'S ANSWERING BRIEF** with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit via the CM/ECF system.

All counsel of record, as identified below, are registered CM/ECF users and are served with a true and correct copy of the same via the CM/ECF system.

                                    _/s/Heidi Wurm_____
                                    An Employee of Parker, Nelson & Associates, Chtd.


## LIST OF COUNSEL

**Appellants' Counsel:**

I. Kristine Bergstrom, Esq.
Teri Vela, Esq.
NEVADA LEGAL SERVICES, INC.
530 South Sixth Street
Las Vegas, NV  89101
Phone:  702-386-0404
Fax:  702-388-1641
kbergstrom@nlslaw.net